# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LIFALFA GREEN,

Plaintiff,

v.

CDCR, et al.,

Defendants.

/

CASE NO. 1:11-cv–01060-LJO-BAM PC

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM

(ECF No. 1)

THIRTY DAY DEADLINE

## I. Screening Requirement

Plaintiff Lifalfo Green is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed June 27, 2011. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955).

## II. Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Avenal State Prison. Plaintiff brings this action against Defendants CDCR, James D. Hartley, Swickard, and Richerson alleging he was sexually assaulted during an illegal strip search and resulting reports contained fraudulent statements that violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff is seeking monetary damages and for criminal charges to be brought against Defendant Swickard.

Plaintiff claims that on September 27, 2010, Defendant Swickard told the inmates in his dorm to strip down for a search. The four inmates stripped naked and lined up. Defendant Swickard then searched the clothing on the floor and when he searched the items to the side of Plaintiff, a phone and charger fell to the floor. Defendant Swickard then whispered to Plaintiff, "you'll never learn." Defendant Swickard asked Plaintiff who had the rest of the contraband in the building and offered to forget about the cell phone if Plaintiff told him "something." (Compl. 4, ECF No. 1.)

After Plaintiff was "subjected to additional poking and proding [sic]" by Defendant Swickard, Defendant Swickard told the inmates they could get dressed. As the inmates were putting on their clothing, Defendant Richerson came up the stairs and told Defendant Swickard that he was in the wrong dorm. Plaintiff later received a witness list that he submitted with only names on it and a correctional officer had written in forged statements on the list. (Id.)

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

## III. Discussion

### A. Fifth Amendment

#### 1. Takings Clause

The Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation. The Takings Clause of the Fifth Amendment "limits the government's ability to confiscate property without paying for it," and "is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Vance v. Barrett, 345 F.3d 1083, 1089 (9th Cir. 2003) (internal quotations and citation omitted). While it is unclear what Fifth Amendment rights Plaintiff alleges have been violated, to the extent that he complains about the confiscation of the contraband found in the cell, this would not be a taking for public use.

#### 2. Due Process

The Due Process Clause of the Fifth Amendment provides that no one shall "be deprived of life, liberty, or property without due process of law." "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Since all Defendant's in this action are state employees the Fifth Amendment Due Process Clause does not apply.

///

**B. Sixth Amendment**

The Sixth Amendment provides for the rights of an individual in a criminal prosecution. To the extent Plaintiff is attempting to allege violations based upon a rule violation, they do not state a cognizable claim under the Sixth Amendment.

**C. Eighth Amendment**

Plaintiff alleges that he was sexually assaulted during the strip search. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Where an inmate is challenging the conditions of confinement, he must show there was a deprivation "sufficiently serious" to form the basis of a violation and "the prison official acted "with a sufficiently culpable state of mind." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731.

While searches intended to harass may violate the Eighth Amendment, see Hudson v. Palmer, 486 U.S. 517, 530, 104 S. Ct. 3194 (1984), Plaintiff's allegations that the search was conducted in the wrong dorm and that he was poked and prodded is not sufficiently serious to state a claim under the Eighth Amendment.

**D. Fourteenth Amendment**

Plaintiff's allegations that a false statement was included in the rule violation reports fails to state a cognizable claim for relief. The Due Process Clause protects against the deprivation of

liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

**E. Defendant Liability**

Plaintiff may not bring suit against the California Department of Corrections and Rehabilitation. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

Additionally, Plaintiff appears to attempt to hold Defendant Hartley liable based upon his position of Warden of the institution. Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff complaint is devoid of any factual allegations regarding Defendant Hartley, and therefore fails to state a cognizable claim.

**F. Criminal Charges**

Plaintiff does not have a constitutional right to have another individual criminally prosecuted. Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149 (1973). "The decision to prosecute a particular crime is within the authority of the state, and there is no federal constitutional right to have criminal wrongdoers brought to justice." Searcy v. Ada County, No. 1:06-cv-00001-S-BLW, 2006 WL 1382207, *2 (D.Idaho May7, 2006) (quoting Johnson v. Craft, 673 F.Supp 191, 193 (D.Miss. 1987)); see U.S. v. Batchelder, 442 U.S. 114, 124, 99 S. Ct. 2198, 2204 (1979) ("Whether

to prosecute and what charge to file or bring . . . are decisions that generally rest in the prosecutor's discretion."), Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979) (A private right of action under a criminal statute has rarely been implied.) The Court cannot compel state prosecuting authorities to file charges against Defendant Swickard, and therefore the relief Plaintiff seeks is unavailable.

**IV. Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 27, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

/////

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **May 16, 2012** /s/ **Barbara A. McAuliffe**

UNITED STATES MAGISTRATE JUDGE